AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.

DOMINIQUE DONTA BOWDEN

*Defendant(s)*

Case No. 8:26-mj-2982-NHA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 2026 through September 2026 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(vi) and (viii | Distribution and Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Nicholas Barney, DEA

*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: September 24, 2026

*Judge's signature*

City and state: Tampa, Florida

NATALIE HIRT ADAMS, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Nicholas Barney, being duly sworn, hereby deposes and states as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7); that is, I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since October of 2017. Prior to joining the DEA, I was a sworn deputy sheriff for the Hillsborough County Sheriff's Office (HCSO) from 2015 through 2017. I attended a 20-week basic agent training academy in Quantico, Virginia, which included classes and courses conducted by the DEA regarding the importation, transportation, and distribution of illegal drugs. I have received instruction on identifying and investigating Drug Trafficking Organizations (DTOs), executing arrest warrants on members of those organizations, seizing and processing evidence, and identifying controlled substances by sight and odor.

2. I am knowledgeable about state and federal drug laws, and I have participated in numerous drug trafficking, money laundering, and organized crime investigations. I am familiar with how controlled substances are manufactured, transported, packaged, marketed and consumed. I have made numerous arrests for violations involving such substances. In the course of my employment, I have become familiar with the slang and jargon used by distributors and consumers of controlled substances. I have debriefed numerous defendants, informants, and

witnesses who have personal knowledge regarding narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations, including physical and electronic surveillance. I have analyzed cellular phones, cellular communications of targets, toll analysis information, and geo-location data to identify and locate drug traffickers. I am familiar with the collection of money proceeds from narcotics sales and trafficking and methods of money laundering used to conceal the nature of the proceeds from such illicit activity. I have been involved in investigations regarding the unlawful possession and distribution of controlled substances, as well as related money laundering statutes involving the proceeds of specified unlawful activities and conspiracies associated with money laundering and drug trafficking crimes, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, and Title 18, United States Code, Sections 371, 1956, 1957.

3. I submit this affidavit in support of a criminal complaint charging Dominique Donta **BOWDEN** with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(vi) and (viii). The statements contained in this affidavit are based on my personal knowledge and experience, and reliable information from other law enforcement officers and computer databases. Because of the limited purpose of this affidavit, I have not included every fact known to me. Rather, I have included only those facts necessary to establish probable cause to support the requested complaint.

## PROBABLE CAUSE

4. Beginning in or around April 2026, agents from the Drug Enforcement Administration (DEA) and detectives from the Hillsborough County Sheriff's Office (HCSO) began an investigation into Dominique Donta **BOWDEN**. Between April 2026 and September 2026, DEA and HCSO employed various techniques including electronic surveillance, the use of confidential informants, and physical surveillance in furtherance of the investigation.

5. Between April 2026 and September 22, 2026, **BOWDEN** was observed by law enforcement surveillance meeting various people in his vehicle and at his mother's residence to conduct narcotics transactions. **BOWDEN's** *modus operandi* is as follows: a customer calls **BOWDEN** to arrange to purchase narcotics, **BOWDEN** directs the customer to meet him at a specified location, **BOWDEN** drives to the specified location, the customer and **BOWDEN** meet in **BOWDEN's** vehicle or his mother's residence, the customer exits **BOWDEN's** vehicle or his mother's residence within minutes, and the customer departs the area.

6. Between July 28, 2026, and September 22, 2026, agents and detectives monitored a wiretap authorized by United States District Court Judge Kathryn K. Mizelle on **BOWDEN's** phone and intercepted numerous calls from individuals arranging narcotics purchases with **BOWDEN**. Agents then observed **BOWDEN** meet with individuals for short durations at various public places, consistent with narcotics transactions.

7. On August 29, 2026, at approximately 9:52 pm, HCSO attempted a traffic stop of **BOWDEN** unrelated to this investigation. **BOWDEN** fled and successfully eluded deputies. **BOWDEN** then stopped using the vehicle involved in the police chase and began distributing narcotics from his mother's residence in Tampa.

8. Beginning on or about August 30, 2026, agents and detectives conducting electronic surveillance observed what appeared to be regular narcotics transactions between **BOWDEN** and his customers at **BOWDEN's** mother's residence. Each meeting was typically preceded by a telephone call between **BOWDEN** and the customer. The customer would then go to **BOWDEN's** mother's residence, and what appeared to be a narcotics transaction would occur. Upwards of ten narcotics transactions occurred each day between **BOWDEN** and his customers at **BOWDEN's** mother's residence.

9. On September 23, 2026, agents executed search warrants authorized by United States Magistrate Judge Natalie Hirt Adams at **BOWDEN's** residence and **BOWDEN's** mother's residence.

10. At **BOWDEN's** residence, agents seized approximately 266 grams of fentanyl, 3129 grams of marijuana, additional narcotics, a money counter, paraphernalia to manufacture crack cocaine, 11 firearms, and approximately $50,000 in bulk currency.



**Exhibit 1 - Seized Firearms.**

11. At **BOWDEN's** mother's residence, agents seized approximately three kilograms of fentanyl, six kilograms of cocaine, thirteen kilograms of methamphetamine, various other narcotics, 3 firearms, and approximately $200,000 in bulk currency.







**Exhibits 2, 3 and 4 – Seized Narcotics.**




**Exhibit 5 – Seized U.S. Currency.**

12. At **BOWDEN's** mother's residence, two guns were found in a basket with a package of narcotics.




**Exhibits 6 and 7 – Basket with Guns and Narcotics.**

13. Following the execution of the search warrants, **BOWDEN** was arrested and agreed to speak to agents and detectives. **BOWDEN** stated that everything found in his residence and his mother's residence belonged to him. **BOWDEN** added that he had kilograms of fentanyl, kilograms of methamphetamine, and kilograms of cocaine for distribution. **BOWDEN** also agreed that the seized firearms belonged to him and acknowledged that he was not lawfully able to possess a firearm because he is a convicted felon. **BOWDEN** was convicted of robbery in 2011 for which he served 4 years in Florida State Prison.

**CONCLUSION**

14. Based on the foregoing information, I respectfully submit that probable cause exists to believe **BOWDEN** possessed with intent to distribute 400 grams or more of a mixture and substance containing fentanyl, 500 grams or more of a mixture and substance containing methamphetamine, and 5 kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A)(ii)(vi) and (viii).

Nicholas Barney
Special Agent
DEA

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 before me this 24 day of September, 2026.

HONORABLE NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE